By the Court, Bronson, J.
In consequence of the neglect to give a sufficient notice to Remer, the plaintiff has lost his debt, and that amount, with the interest upon it, constitutes the true measure of damages. That is the loss which has directly resulted to the plaintiff from the breach of the defendant’s con *650 tract, I see no principle upon which the plaintiff can recover the costs and expenses which were incurred in the vain attempt to collect the note from Kemer. If the suit against him had any necessary connection with the breach of the defendants’ undertaking, it was only a remote consequence, for which the defendants are not answerable. The wrong complained of must be the proximate cause of the damage. Such is the general rule, and this case does not fall within any established exception to it. The injury was complete and the right of action perfect the moment the proper time for giving notice had gone by. The plaintiff was not obliged to sue Kemer. He might have brought his action at once against the defendants, and recovered the full amount of his debt. True, the suit against Kemer was brought upon the supposition that he had been duly charged as endorser. But that was the plaintiff’s mistake, and must be his misfortune. The defendants are not answerable for it; or at least, not in this form of action. It is said that the defendants led the plaintiff into the error by returning the note with a notarial certificate annexed, which stated that notice had been given to the endorsers. But the action is based upon the implied 'undertaking of the defendants to give notice; and not upon any false representation by them that notice had been given. Nothing of the kind is mentioned in the declaration. Indeed, it would have been difficult to frame a count partly in assumpsit and partly in case. But it is enough that the action is founded on the contract, and on nothing else. The only immediate or necessary damage which the plaintiff sustained by the breach was the loss of his debt; and the defendants are not answerable for the remote consequences of their default, however injurious they may have been to the plaintiff.
We see no difficulty in the other questions made by the defendants. There must be a new trial unless the plaintiff consents to reduce the verdict to $857—the amount of the note with interest.
Ordered accordingly.
END OF JULY TEEM.